UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

GEORGE COLLINS, :
      Petitioner, :
 :
v. : No. 2:14-cv-05013
 :
JOHN WETZEL, *SECRETARY OF PA* :
*DEPARTMENT OF CORRECTIONS*; :
DISTRICT ATTORNEY OF THE :
COUNTY OF PHILADELPHIA; :
and ATTORNEY GENERAL OF THE :
STATE OF PENNSYLVANIA, :
      Respondents. :

---

**O P I N I O N**
Report and Recommendation, ECF No. 13 - Adopted

**Joseph F. Leeson, Jr.**                                                                                                            **August 4, 2017**
**United States District Judge**

## I. INTRODUCTION

George Collins, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging, inter alia, ineffective assistance of PCRA[1] counsel for failing to timely file a PCRA petition that would have alleged trial counsel's ineffectiveness. Magistrate Judge Lynne A. Sitarski has issued a Report and Recommendation ("R&R") recommending that the habeas corpus petition be dismissed as untimely. Collins timely filed objections thereto, arguing that he should have been afforded an evidentiary hearing and that he is entitled to equitable tolling. After de novo review and for the reasons set forth below, the R&R is adopted and the habeas petition is dismissed as untimely.

---
[1] Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541- 9551 ("PCRA").

1

## II.     PROCEDURAL HISTORY

Following a jury trial in the Court of Common Pleas of Philadelphia County, Collins was found guilty of burglary, three counts of robbery, and three counts of theft by unlawful taking. *See Commonwealth v. Collins*, CP-51-CR-0313021-2002 (Phila. Cty. C. P. filed April 3, 2002).[2] On May 5, 2003, he was sentenced to an aggregate term of twenty-five to fifty years of imprisonment. The Pennsylvania Superior Court affirmed the judgment of sentence on June 3, 2008. Collins did not file a petition for allowance of appeal. Collins was represented by Willie Lee Nattiel, Esquire, at trial and by Jules Epstein, Esquire, for post-trial motions and on appeal.

On August 27, 2009, Collins, through counsel Bernard Siegel, filed a PCRA petition. On December 6, 2010, the PCRA court issued notice of its intent to dismiss, to which the parties responded. The case was continued several times due to counsel's illness and in August 2011, Burton Rose, newly retained counsel, entered his appearance and filed for leave to file an amended PCRA petition, along with the amended petition. The PCRA court granted leave to amend on August 19, 2011. The Commonwealth thereafter renewed its motion to dismiss and, on August 28, 2012,[3] the PCRA court dismissed the petition after addressing the merits of the ineffectiveness claims. On August 2, 2013, the Pennsylvania Superior Court affirmed the dismissal of the PCRA petition based on its untimeliness, without addressing the merits. The Pennsylvania Supreme Court denied a petition for allowance of appeal on March 25, 2014. Collins did not seek certiorari.

The instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed on August 27, 2014, by Burton Rose, Esquire.

---

[2]     This Court has obtained and reviewed the state court record.
[3]     The R&R mistakenly states that the PCRA court dismissed the petition on July 17, 2013, but then correctly cites the Order dated August 28, 2012. *See* R&R 3, ECF No. 13.

## III. STANDARD OF REVIEW

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

## IV. ANALYSIS

### A. Collins's PCRA petition and the instant habeas petition were untimely filed.

Pennsylvania's Post Conviction Relief Act dictates that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa. Cons. Stat. Ann. § 9545(b)(1). Similarly, there is a one-year period of limitation for a person in custody pursuant to the judgment of a State to file an application for writ of habeas corpus in federal court. *See* 28 U.S.C. § 2244(d)(1). Section 2244 provides that the one-year period of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Collins's sentence became final on July 3, 2008, after the time for him to petition for allowance of appeal expired. *See* Pa. R.A.P. 1113 ("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court."); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (holding that the judgment became final by the conclusion of direct review or the expiration of time for seeking such review). He thus had until July 3, 2009, to timely file a PCRA petition or a federal habeas petition. But, Collins waited until August 27, 2009, to seek post-conviction relief in the state court.[4] The state court, as well as Magistrate Judge Sitarski, correctly concluded that the PCRA petition was untimely filed. Collins is therefore not entitled to statutory tolling and the instant federal habeas petition was filed more than five years too late.[5]

**B.      Collins is not entitled to equitable tolling.**

The period of limitation may be "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998) (quoting *Shendock v. Director, Office of Workers' Compensation Programs*, 893 F.2d 1458, 1462 (3d Cir. 1990)). "Generally, this will occur when the petitioner has in some extraordinary way . . . been prevented

---

[4]      PCRA counsel mistakenly calculated the filing deadline as September 2, 2009.
[5]      Collins does not object to the Magistrate Judge's calculation of the limitations period or denial of statutory tolling.

4

from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims." *Id.* (internal quotations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Extraordinary circumstances" may involve an attorney's failure to satisfy professional standards of care, but "a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 560 U.S. at 649-51.

Collins objects to the Magistrate Judge's conclusion that he is not entitled to equitable tolling based on the alleged abandonment by Bernard Siegel, who served as original PCRA counsel. *See generally* Objs. 1-7, ECF No. 14. Collins also argues that the filings Attorney Siegel made in response to the Commonwealth's motion to dismiss, which the Magistrate Judge cited in deciding that counsel did not abandon Collins, are irrelevant because they were submitted after August 3, 2009, when the untimely PCRA petition was filed. Collins asserts that "the only relevant time frame in this case was between February 2009 and the end of July 2009"[6] and, further, that there is no proof counsel ever notified him of the filings. Collins contends that this is not a case of garden variety neglect, as the Magistrate Judge implies, but that Attorney Siegel, who was suffering from terminal cancer, failed to research the applicable time bar law or to communicate with Collins or his family. He asserts that this conduct was egregious.

After applying de novo review, this Court finds that Magistrate Judge Sitarski, who discussed the deadline to file a timely PCRA petition, did not err in considering Attorney Siegel's conduct after this date in deciding whether his actions were egregious. Contrary to

---

[6] Attorney Siegel was retained on February 12, 2009, and the deadline to file a PCRA petition was July 3, 2009, which is a period of less than five months.

Collins's assertion that this conduct is irrelevant, because the court must distinguish garden variety neglect, such as missing a filing deadline due to miscalculation, from more serious instances of attorney misconduct that may justify equitable tolling, *see Holland*, 560 U.S. at 651-52, the court may consider counsel's conduct even after the deadline was missed, *see Howell v. Crews*, No. 4:04-cv-299, 2013 U.S. Dist. LEXIS 28398, at *7-9 (N.D. Fla. Mar. 1, 2013) (considering the fact that counsel was preparing the postconviction appeal both before *and after* expiration of the AEDPA deadline in deciding that the petitioner failed to establish that counsel's conduct amounted to extraordinary circumstances for purposes of equitable tolling). This conduct includes the following: on August 27, 2009, Attorney Siegel filed the PCRA petition; on September 8, 2010, Attorney Siegel filed a Response to the Commonwealth's Motion to Dismiss, arguing that the PCRA petition was timely filed; on November 1, 2010, Attorney Siegel filed a More Specific Response to Commonwealth's Motion to Dismiss, again asserting that the petition was timely filed; and on December 28, 2010, Attorney Siegel filed a Response to the court's notice of intent to dismiss and a request for a hearing on the PCRA petition.

Additionally, on August 26, 2009, Attorney Siegel wrote a letter to Collins's sister, Celeste, enclosing a copy of the PCRA petition.[7] Attorney Siegel stated that he spoke with Collins "on the telephone right after I started this letter, so he is aware of what has been done." Collins's assertion in his objections that "there is no proof that Attorney Siegel ever notified the Petitioner that he was filing anything on the Petitioner's behalf," is therefore without merit.[8] Nevertheless, because this fact may be disputed, this Court will not consider the alleged

---

[7] This letter, dated August 26, 2009, was attached to Collins's state court Application for Leave of Court to Amend PCRA Petition filed on August 3, 2011.

[8] To the extent Collins asserts that Attorney Siegel did not notify him that he was filing anything in response to the Commonwealth's motion to dismiss the PCRA petition as untimely, this claim is accepted as true for purposes of this Opinion.

communication in determining whether Attorney Siegel abandoned Collins.[9]

Even without the communication on or about August 26, 2009, the Court agrees with Magistrate Judge Sitarski that counsel's subsequent filings in the state court establish that Attorney Siegel did not abandon Collins. *See Maples v. Thomas*, 565 U.S. 266, 281 (2012) (explaining that when an attorney abandons his client, he has severed the principal-agent relationship and no longer acts, or fails to act, as the client's representative).

Collins asserts that this is a case like *Holland* because Attorney Siegel did not communicate with him. However, in *Holland*, a capital case, the Court concluded that the "attorney's conduct constituted far more than 'garden variety' or 'excusable neglect'" as he "failed to communicate with his client *over a period of years*, despite various pleas." *Holland v. Florida*, 560 U.S. 631, 652 (2010) (emphasis added) (finding that an attorney's failure to timely file a habeas petition and being unaware of the date on which the limitations period expired "might suggest simple negligence"). In contrast, Collins's alleged abandonment is limited to a period of no more than six months.[10] *See Howell*, 2013 U.S. Dist. LEXIS 28398, at *7-8 (concluding that counsel's failure to communicate with her client for "almost seven months,"

---

[9] As will be discussed in greater detail below, because Mr. Siegel is now deceased, an evidentiary hearing would not resolve such a factual dispute. *See United States v. Borrome*, No. 97-224, 2000 U.S. Dist. LEXIS 3524, at *6-8 (E.D. Pa. Mar. 15, 2000) (concluding that because defense counsel was deceased, there was no need for an evidentiary hearing and the court "must accept the truth of Petitioner's factual allegations unless they are clearly frivolous").

[10] Collins argues that "the only relevant time frame in this case was between February 2009 and the end of July 2009." Regardless, even if this Court were to also consider the lack of communication after July 2009, the result would not change because, *inter alia*, Attorney Siegel did not mislead Collins into believing that the PCRA petition was timely filed and Collins did not act with due diligence to protect his rights. *See Skelton v. Ricci*, No. 09-234, No. 09-234, 2011 U.S. Dist. LEXIS 40211, at *24-29 (D.N.J. Apr. 13, 2011) (rejecting the equitable tolling claim based on attorney abandonment because the petitioner was aware of the filing deadline and aside from his repeated attempts to contact counsel for confirmation that the petition was filed, he made no affirmative steps to protect his rights and "there was no affirmative lie or communication by any of the assigned counsel to [the petitioner] that his PCR[A] petition had been filed;" rather, "[t]here simply was no communication at all by his assigned attorneys").

while preparing the postconviction appeal, did not rise to the level of extraordinary circumstances under *Holland* and *Maples*, and that counsel missed the filing deadline due to neglect in miscalculating the deadline).

The *Holland* court also determined that counsel failed to timely inform Holland that the court had decided his case. *See Holland*, 560 U.S. at 652. But here, while Attorney Siegel may not have informed Collins of the Commonwealth's motion to dismiss or the motions counsel was filing on Collins's behalf arguing that the PCRA petition was timely, the court issued no decisions on the PCRA petition until after Attorney Siegel was no longer involved in the case.

This case is also distinguishable from *Holland* because the attorney in that case "apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules." *Id.* In the instant action, however, counsel's untimely filing was not based on a complete lack of research or the failure to act after being made aware of specific legal rules identifying the correct filing deadline; rather, it was based on a misunderstanding of state law. *See* Pet.'s Resp. Notice Pa. R. Crim. P. 907 (filed Dec. 28, 2010); Pet. Resp. Com.'s Mot. Dismiss (filed Nov. 1, 2010). In his state court briefing, Attorney Siegel, citing the relevant state statute, asserted that the PCRA petition was timely filed based on Pennsylvania Supreme Court Administrative Order No. 218, which changed procedural law in 2000 by allowing petitioners to bypass state supreme court review in direct appeals and PCRA appeals for exhaustion purposes. Counsel quoted language from Order No. 218 that he argued supported his position that Collins's sentence became final ninety days after the Pennsylvania Superior Court affirmed the judgment of sentence, which is the amount of time an appellant has to seek certiorari in the United States Supreme Court from the state's highest court, instead of thirty days later when the time for him to file a petition for allowance of appeal in the

Pennsylvania Supreme Court expired. However, as the Pennsylvania Superior Court and Magistrate Judge Sitarski explained, this calculation was erroneous because an appellant cannot seek discretionary review with the United States Supreme Court without first petitioning for an allowance of appeal with the Pennsylvania Supreme Court. Regardless, this error was not "extraordinary" so as to warrant equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."); *Fisher v. McGinley*, No. 14-5478, 2016 U.S. Dist. LEXIS 164863, at *5-8 (E.D. Pa. Nov. 29, 2016) (finding that allegations that PCRA counsel (1) waited almost a year after the Pennsylvania Superior Court denied the petitioner's PCRA appeal, and only after the petitioner sought the Supreme Court's intervention, before filing a petition for allowance of appeal; (2) failed to respond to repeated written inquiries from the petitioner; and (3) failed to notify the petitioner of the Pennsylvania Supreme Court's denial of his petition for allowance of appeal, "still [fell] short of the abandonment found to constitute an extraordinary circumstance in other cases").

Of note, Collins's current counsel, Burton Rose, advanced the same argument (that in light of Administrative Order No. 218 Collins had ninety days after the Superior Court affirmed judgment to file a PCRA petition "notwithstanding the Commonwealth's reference to Rule 13") to the PCRA court in his Application for Leave of Court to Amend PCRA Petition. *See* Pet.'s App. Leave Amend PCRA Pet. (filed Aug. 3, 2011) (stating that "the argument presented ... by initial PCRA counsel is legally correct"). The attorney abandonment claim was presented only

9

as an alternative argument in the event the court decided that the PCRA petition was untimely. Collins's present argument, that Attorney Siegel's conduct in "fail[ing] to research the applicable time bar law (especially Rule 13(1) of the United States Supreme Court)" does not involve garden variety excusable neglect, *see* Objs. 3-4, is therefore unpersuasive.

For all the reasons stated, Collins's objection to Magistrate Judge Sitarski's determination that Attorney Siegel did not abandon him is overruled.

### C. Collins did not diligently pursue his claim.

Regardless of whether Attorney Siegel's conduct constituted extraordinary circumstances, Collins did not diligently pursue his claim. As correctly explained in the R&R, after the Pennsylvania Supreme Court denied a petition for allowance of appeal, Collins waited more than five months before filing the instant petition for writ of habeas corpus. *See Pace*, 544 U.S. at 419 (concluding that the petitioner did not demonstrate the requisite diligence to entitle him to equitable tolling because "not only did petitioner sit on his rights for years before he filed his PCRA petition, but he also sat on them for five more months after his PCRA proceedings became final before deciding to seek relief in federal court").

Collins compares his case to *Holland*, but in that matter the Court found that the petitioner was reasonably diligent because in addition to contacting his attorney, "he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [his attorney]--the central impediment to the pursuit of his legal remedy--removed from his case" and "the *very day* that [the petitioner] discovered that his AEDPA clock had expired due to [his attorney's] failings, [the petitioner] prepared his own habeas petition pro se and promptly filed it with the District Court." *Holland*, 560 U.S. at 653 (emphasis in original). In contrast, although Collins reached out to Attorney Siegel multiple times between February

2009 and June 2009 about the approaching PCRA deadline, he did not contact the court during this time. He also failed to contact the courts after learning in 2010[11] that his PCRA petition was being challenged as untimely. Further, he waited months, not days, before filing a federal habeas petition after his PCRA petition was denied in the state courts. Collins has therefore failed to establish that he has been pursuing his rights diligently.

Moreover, if Attorney Siegel had been correct that the deadline to file a PCRA petition was September 2, 2009, which would have also meant that the deadline to file a federal habeas petition was September 2, 2009, he waited until six days before that deadline, until August 27, 2009, to file the petition. That means that if the PCRA petition was timely filed, Collins had only six days after the PCRA petition was dismissed to seek federal habeas relief, until June 30, 2014.[12] But, the instant habeas petition was not filed until August 27, 2014. Thus, even if this Court were to accept that September 2, 2009, was the filing deadline and to equitably toll the time during which the PCRA petition was pending (from August 27, 2009, through June 23, 2014), Collins's federal habeas petition would nevertheless be untimely.

**D.** *Martinez v. Ryan* **is not applicable.**

Collins also objects to the Magistrate Judge's failure to discuss *Martinez v. Ryan*, 566 U.S. 1 (2012).[13] However, *Martinez* is not controlling in this case because the instant petition is being dismissed as time-barred, not as procedurally defaulted. *See Stromberg v. Varano*, No. 09-

---

[11] A letter written by Collins's sister on November 29, 2010, confirms that she and Collins knew the PCRA petition was being challenged as untimely no later than November 29, 2010. *See* Third letter, ECF No. 12.

[12] The Pennsylvania Supreme Court denied the petition for allowance of appeal on March 25, 2014, and Collins failed to file a petition for writ of certiorari by June 23, 2014.

[13] *Martinez* held, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17.

401, 2012 U.S. Dist. LEXIS 95877, at *18-19 (E.D. Pa. July 10, 2012) (holding that "the consideration of procedurally defaulted claims does not alleviate a petitioner's burden to overcome ADEPA's statute of limitations or to prove the merits of his case"). In the context of procedural default, the federal court considers whether it "may excuse a petitioner's failure to comply with a state court's procedural rules, notwithstanding the state court's determination that its own rules had been violated." *Holland*, 560 U.S. at 650. "Equitable tolling, by contrast, asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law." *Id.* Accordingly, *Martinez* has no bearing on the Court's decision as to whether Collins is entitled to equitable tolling. *See DeShields v. Kerestes*, No. 3:13-CV-1965, 2014 U.S. Dist. LEXIS 81238, at *15 n.1 (M.D. Pa. June 12, 2014) (citing *McGrue v. Kerestes*, No. 13-4018, 2014 U.S. Dist. LEXIS 73826, *9 (E.D. Pa. 2014) ("The *Martinez* decision impacts cases where claims are otherwise procedurally defaulted, but has no bearing on a petitioner's obligation to file a federal petition within the federal limitations period."), *adopted by* 2014 U.S. Dist. LEXIS 73019 (E.D. Pa. May 29, 2014)). This objection is therefore without merit.

### E. An evidentiary hearing would not be productive.

Finally, Collins argues that it was error not to schedule an evidentiary hearing because it "remov[ed] any opportunity on Petitioner's part to establish that counsel was retained by the family and was expected to file a timely PCRA petition by Petitioner, that Petitioner received no timely[14] notice that the Petition was being challenged as untimely by the Commonwealth and that counsel's fatal illness prevented him from meeting his obligations to the Petitioner." Objs.

---

[14] This Court accepts as true that Collins was not immediately notified that his PCRA petition was being considered untimely. However, he was aware of this issue no later than November 29, 2010. *See* Third letter.

4. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). For purposes of this Opinion, the Court accepts that Attorney Siegel was retained by Collins's family and expected to file a timely PCRA petition, and that Collins did not have timely notice that the PCRA petition was being challenged as untimely. The Court also accepts that Collins and his sister attempted to communicate with Attorney Siegel numerous times to no avail. Thus, an evidentiary hearing to elicit testimony on these points is not necessary. As to whether Attorney Siegel's illness prevented him from meeting his obligations to Collins, this Court finds that an evidentiary hearing would not be helpful because Attorney Siegel is now deceased and could not explain his actions. *See Ragan v. Wetzel*, No. 00-2092, 2014 U.S. Dist. LEXIS 185399, at *63 (E.D. Pa. Sept. 29, 2014) (concluding that "trial counsel is deceased so an evidentiary hearing would not be beneficial in determining whether trial counsel had a reasonable strategy for not objecting"). To the extent that Collins would like to subpoena Attorney Siegel's medical records, there is no dispute that counsel had a serious illness. However, as discussed above, this illness did not prevent him from making numerous filings on Collins's behalf between August 2009 and December 2010. These filings indicate that Attorney Siegel mistakenly believed he filed the PCRA petition on time, which is garden variety neglect, and not that he delayed filing based on his illness or misconduct. As he is now deceased, an evidentiary hearing could not resolve any factual disputes in this regard. *See Young v. Gipson*, 163 F. Supp. 3d 647, 749 (N.D. Cal. Sept. 11, 2015) (finding that "to the extent disputes remain about [a juror's] credibility, a hearing would not resolve them" and therefore "was no longer possible"). The request for a hearing is therefore denied. *See Schriro*, 550 U.S. at 473 (holding

that the decision to grant an evidentiary hearing is generally left to the sound discretion of district courts); *Borrome*, 2000 U.S. Dist. LEXIS 3524, at *6-7 (concluding that because defense counsel was deceased, an evidentiary hearing "would be an unproductive use of judicial resources" ).

## V. CONCLUSION

After applying de novo review, this Court concludes that Magistrate Judge Sitarski correctly determined that the instant petition for writ of habeas corpus is untimely and that no equitable exceptions to the period of limitations apply. This Court therefore adopts the recommendation to dismiss the habeas petition as untimely, and concludes that there is no basis for the issuance of a certificate of appealability[15] because jurists of reason would not find it debatable that Collins's petition is time-barred, and is not subject to equitable tolling.

A separate Order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[15] "When, as here, the district court denies relief on procedural grounds, the petitioner seeking a COA must show both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).